In the Matter of the Claim of FRANK C. LISSOW, Respondent, against MABBETT MOTORS, INC., and STATE INSURANCE FUND, Appellants.   STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award for disability compensation.   March 29, 1930, claimant was employed by the employer herein as auto mechanic, and

while in such employment and while lying under a car working on the motor, a car driven by a fellow employee struck the car under which claimant was working and he was injured. The accident happened on Saturday. The employer had immediate notice of the accident and authorized medical treatment. Claimant was at once taken to a physician who treated him and he returned to work on the following Monday. He lost no time except about an hour and three-quarters on the Saturday in question, and was paid full wages for the week of the accident. He lost no further time except for two or three visits to a physician, and no deduction was made from his pay because of such loss of time. He filed no claim for compensation until about four years after the accident, when he developed an abscess on the left chest and other disabilities resulting from the original accident. The Board found that the failure to file claim did not bar the right to compensation under section 28 of the Workmen's Compensation Law, for the reason that the payment to claimant of his full wages covering the hour and three-quarters lost at the time of the accident, constituted an advance payment under section 28. Award affirmed, with costs to the State Industrial Board. Hill, P. J., Rhodes, Bliss and Heffernan, JJ., concur; McNamee, J., dissents and votes to reverse the award and to dismiss the claim, on the ground that the contention of advance payment of wages is a mere quiddity. Such payment was neither made nor accepted as such, if indeed the slightest thought can be said to have been given to it at the time of payment. Because a man was not " docked " by his employer for the hour or two of absence at the end of the week, due to an apparently slight mishap, is not a reasonable basis for a claim of advance payment under section 28, and is not a reasonable substitute (four years later) for the filing of claim within one year. I can see in this decision only an unreasonable adherence to the letter of the law, and a destruction of its spirit.