**STATE COMPENSATION INS. FUND v. PILLSBURY, Deputy Com'r of Employees' Compensation Commission, et al.**

No. 9–M.

District Court, S. D. California, Central Division.

June 9, 1939.

John W. Carrigan and Marguerite Arnold, both of Los Angeles, Cal., for petitioner.

Ben Harrison, U. S. Atty., by Ralph E. Lazarus, Asst. U. S. Atty., both of Los Angeles, Cal., for respondent Pillsbury.

David A. Fall, of San Pedro, Cal., for respondent Taylor.

McCORMICK, District Judge.

The sole question remaining for decision is whether, under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., there should be allowed to petitioner insurance carrier as a credit in the compensation award the sum of $663.04 which has been paid by the employer of respondent Taylor to him during a period of time when he was totally disabled and performed no work.

We have already, in a hearing de novo, held, because ot the binding ruling of the United States Supreme Court in Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598, that the court must exercise judicial power to review the order of the deputy commissioner on the fundamental and jurisdictional essential of the existence of employer-employee relation at the time of injury. We have held, as did the deputy commissioner, that the relationship existed at the time of injury between the petitioner's insured and the respondent Taylor, and

accordingly we have decree that respondent Taylor is entitled to compensation and that the petitioner insurance carrier of the employer is liable under the Longshoremen's and Harbor Workers' Compensation Act.

The admitted facts upon which the claim of credit is predicated are as follows: The respondent, Verner H. Taylor, was injured in the course of employment with petitioner's insured, on October 6, 1933. Mr. Taylor was by the employer paid regular wages at the rate of $27 per week from the date of injury to and including May 31, 1937, a total of 190 weeks. Included in this period of 190 weeks are 62³⁄₇ weeks in which respondent worked at light labor. Deducting this period of 62³⁄₇ weeks from the 190 weeks leaves a balance of approximately 128 weeks during which time the claimant was entitled to compensation. The employer paid Taylor during the entire period at the rate of $27 per week, or a total of $3456. The amount per week he was entitled to receive as compensation was $21.83 instead of $27. This would have amounted to $2792.96 (as stated in the award of compensation rendered by the deputy commissioner). The difference between the amount actually paid, to-wit, $3456, and the amount due, to-wit, $2792.96, is $663.04, for which excess payment credit is claimed by petitioner, insurance carrier of the employer. The wage and compensation payments that were made by the employer were all made by the employer prior to the institution of any proceeding before the deputy commissioner under the terms of the Longshoremen's and Harbor Workers' Compensation Act. The findings and compensation award of the commissioner, made August 23, 1938, after determining that Taylor's claim for compensation was seasonably made under the one year limitation prescribed by the Act, ordered payment by the insurance carrier for compensation beginning June 1, 1937, the date when the employer stopped the voluntary advances which ran regularly from the date of injury, October 6, 1933. Thus the liability of the petitioner appears to have been definitely confined to commence June 1, 1937. We think the claim is not allowable to the petitioner under the record before the court.

■ The Longshoremen's and Harbor Workers' Compensation Act is designed and intended to afford quick monetary action to persons injured in the course of maritime employment, Arrow Stevedore Co. v. Pillsbury, etc., 9 Cir., 88 F.2d 446; and it should be administered and interpreted so as to encourage employers to comply with all of its requirements with celerity and not to penalize those who humanely and more than sufficiently meet the demands of the law. But remedies and considerations that are provided for an employer do not necessarily inure to a third party insurance carrier.

■ Subsection (k) of Section 914, Title 33 U.S.C.A. is as follows: "(k) If the employer has made advance payments of compensation, he shall be entitled to be reimbursed out of any unpaid installment or installments of compensation due."

These words of the statute are to be given plain and obvious meaning. There is no implication in the Act that the reimbursement provided by subsection (k) is to be made to the insurance carrier where there is no proof of indemnity by the carrier to the employer of the excess of $663.04 that the employer paid Taylor and no subrogation rights are shown by the record. The provision is made so that solicitous employers shall not be mulcted because of humane considerations toward injured employees.

■ There is no showing in the record that the employer will benefit by the allowance of a credit to the insurance carrier, and there is nothing in the record from which the court can find that the voluntary payment by the employer, Los Angeles Terminals, to Taylor of the excess, amounting to $663.04, has added to the liability of the petitioner insurance carrier. Under such circumstances no credit is here allowable.

In Hartford Accident & Indemnity Co. v. Hoage, Deputy Commissioner, et al., 66 App.D.C. 163, 85 F.2d 420, 422, the Court of Appeals for the District of Columbia, in considering an appeal involving a judicial review of an order of the deputy commissioner under the District of Columbia Workmen's Compensation Act, which is the counterpart of the Longshoremen's and Harbor Workers' Compensation Act, 45 Stat. 600, D.C.Code 1929, T. 19, §§ 11, 12, 33 U.S.C.A. § 901 note, which presented a question kindred to the one under consideration here, said:

"The fact that Cooley because of these circumstances may receive $25.38 per week, a sum in excess of his former wages, does not add to the liability of the insurance carrier who is called upon to contribute only the sum of $6.15 a week, being the sum es-

854

tablished as the decrease of earning capacity of Cooley as defined by the statute. Accordingly, the apparently excessive sum which Cooley may receive because of the payment of his former wages by his employer imposes no increased burden upon the carrier. * * *

"It is established by the authorities that the payment of a greater sum than the wage-earning capacity of an injured employee after the injury does not deprive him of a recovery of compensation under section 8(e), supra."

See also instructive recent Ninth Circuit decision in Twin Harbor Stevedoring, etc., Company v. Marshall et al., 9 Cir., 103 F.2d 513.

■ The petitioner strongly relies upon the decision of the Ninth Circuit Court of Appeals in Alaska Packers Ass'n v. Marshall, 1938, 95 F.2d 279. We think this case confirms the accuracy of our conclusion that the employer and the employer alone, in the absence of a showing of subrogation by the carrier, is "entitled to be reimbursed" for payments made in excess of compensation imposed by the Act. In the cited case the claimant was the employer, asserting credit for $1000 which it had voluntarily contributed to the surviving dependents of the employees who were drowned while in the course of their employment. The insurance carrier was not a party to the proceeding. In making the award under the California Compensation Act the Commissioner disallowed credit for the $1000 on the $5000 award. The appellate court held this action to be error and allowed the credit to the employer.

The chief distinction between the proceeding at bar and the Alaska Packers Association proceeding is that the employer is not a party here and is asserting no claim to the credit or to be reimbursed for the payment. It is the insurance carrier that is the sole claimant and we think the letter and spirit of the Act does not under the record before us warrant the court in extending the employer's right to be reimbursed under subsection (k) of Section 914 of Title 33 U.S.C.A. to its insurance carrier. Accordingly the credit is disallowed.

Findings of Fact, Conclusions of Law and Decree pursuant to oral decision at conclusion of hearing de novo and pursuant to this memorandum and minute order of this date are ordered for respondents.

Proctors for respondents will prepare and present same under the rules.