**LAWSON, Deputy Compensation Com'r, v. STANDARD DREDGING CO.**

**No. 10507.**

Circuit Court of Appeals, Fifth Circuit.

April 9, 1943.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla., and Edith House, Asst. U. S. Atty., of Jacksonville, Fla., for appellant.

Wm. B. Bond, of Jacksonville, Fla., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Frank Johnson, H. N. Parker, and Lawrence Freeman were injured while working for their employer, Standard Dredging Corporation, upon the navigable waters of the United States. This appeal is from a final judgment which made permanent a temporary injunction restraining enforcement of portions of compensation orders of the Deputy Commissioner awarding benefits to the three employees under the provisions of the Longshoremen's and

772

Harbor Workers' Compensation Act, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq.

Each employee had entered into a written contract of employment with the Standard Dredging Company. These contracts recited that there was "grave doubt" as to what law would be applicable in the event that an employee was injured while working in the course of his employment. Each employee agreed that their employment would be within the coverage of the Workmen's Compensation Law of the State where they were employed; and that all other claims, including any arising under the laws of the United States, were waived.

After the employees had been injured, payments of compensation were made to them, without claim or suit, pursuant to the terms of the contracts of employment and according to the Workmen's Compensation schedules of Florida, the State of their employment. Freeman was paid $510.00; Parker, $172.00; and Johnson, $528.00. Thereafter, claims under the Longshoremen's and Harbor Workers' Compensation Act were filed with the Deputy Commissioner who, after a hearing, made findings and entered awards of compensation in amounts substantially larger than the employees had already received by virtue of their contracts and the lower Florida Compensation Act schedules. Although requested to do so, the Deputy Commissioner refused to credit the compensation payments already received by the employees against the awards he made under the Federal Act. The District Court held that under 33 U.S.C.A. § 914(k) the employer was entitled to credit for the amounts which had already been paid to the employees, and to the extent of such payments enjoined enforcement of the awards, but ordered immediate payment of the balance due the employees after allowance of the credits.

 The applicability of the Longshoremen's and Harbor Workers' Compensation Act is not questioned on appeal. The employees being within the coverage of the Federal Act, provisions of the employment contracts providing for waiver of benefits and the payment of other and different benefits under State law are invalid. 33 U.S.C.A. § 915(b). We think, however, that payments made to the employees in keeping with the provisions of the contract should in justice and fairness be considered as advance payments of compen-

sation within the meaning of Section 914 (k) of the Act which provides:

"If the employer has made advance payments of compensation, he shall be entitled to be reimbursed out of any unpaid installment or installments of compensation due."

Neither the facts nor the law lend support to the Deputy Commissioner's arbitrary refusal to allow the claimed credits as advance payments of compensation under Section 914(k). The employees have now been paid in cash the full amounts of compensation due them under the Federal Act, and the trial court properly restrained enforcement of portions of the orders requiring payment of further sums, which payments would have in fact amounted to partial, double payment of compensation. The employees have received compensation payments of all that is due them; they are entitled to no more.

The facts fully authorized issuance of the temporary restraining order and the permanent injunction.

Affirmed.