In the Matter of the Claim of DAVID ULMAN, Respondent, against JEROME GLASS & SHADE Co., INC., et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 10, 1943.

*William F. O'Rourke* (*George J. Hayes* with him on the brief), for appellants.

*Nathaniel L. Goldstein, Attorney-General* (*Roy Wiedersum, Assistant Attorney-General*, of counsel), for State Industrial Board.

BLISS, J. Claimant was injured November 10, 1941, and totally disabled until November 24, 1941. He also suffered a permanent facial disfigurement. During the period of disability,

the employer paid claimant his full wages amounting to $55. Claimant was awarded $19.23, compensation for one week's total disability. The employer claimed reimbursement and the $19.23 was paid to it, leaving $35.77 still due it on account of the wages which it had advanced.

In March, 1942, claimant was granted a further award of $300 for the serious facial disfigurement. The employer requested reimbursement out of this award of the $35.77 which was denied. With this determination we disagree.

The applicable portions of the statute are: Section 25 — " * * * If the employer has made advance payments of compensation, or has made payments to an employee in like manner as wages during any period of disability, he shall be entitled to be reimbursed out of an unpaid installment or installments of compensation due, provided his claim for reimbursement is filed before compensation is paid, or, if insured, by the insurance carrier at the direction of the Industrial Board ".

Section 15, subdivision 3, paragraph t, clause 1: " The Board may award proper and equitable compensation for serious facial or head disfigurement, not to exceed three thousand five hundred dollars ".

Section 2, subdivision 6: " ' Compensation ' means the money allowance payable to an employee or to his dependents as provided for in this chapter * * * ".

An award for serious facial disfigurement is designated " compensation " by the statute. In its nature it is compensation for disability. The disfigurement, like the loss of a member, reduced the future earning power of the victim. His chances of employment are lessened. Certain employments are no longer open to him and he is less satisfactory and consequently earns less in others. The disability is permanent and usually partial although conceivably it might be total. The relation between this type of injury and resultant loss of earnings is discussed in *Matter of Sweeting* v. *American Knife Co.* (226 N. Y. 199). The fact that an award of compensation for serious facial disfigurement is directed by the Industrial Board to be paid in a lump sum does not alter its nature. It is still compensation. Under the statute it may be payable either in installments or in a lump sum. The statute entitled the employer to reimbursement out of unpaid installments of compensation. It could not be successfully contended that an employer who had advanced wages could not be reimbursed out of the ordinary award for permanent partial disability merely because it was ordered paid in a lump sum.

Here the period of disability under the disfigurement began when the injury was received and includes the period covered

by the wage payments. The statute entitling the employer to reimbursement covers " *any* period of disability."

The award and determination should be modified in accordance with this opinion and as so modified, affirmed, with costs to the appellant insurance carrier against the State Industrial Board.

All concur.

Award and determination modified in accordance with opinion and as so modified, affirmed, with costs to the appellant insurance carrier against the State Industrial Board.