ATKINSON–JONES CONST. CO. et al. v. HENDERSON et al.

Civ. No. 2304.

United States District Court
E. D. Louisiana, New Orleans Division.
July 8, 1949.

St. Clair Adams & Son, New Orleans, Louisiana, for plaintiffs.

N. E. Simoneaux, Assistant U. S. Attorney, New Orleans, Louisiana, for defendants.

BORAH, Chief Judge.

This cause came on to be heard on plaintiff's complaint and upon the facts established by the record and the pleadings, and upon consideration thereof the Court makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact.

1. Emery J. Cosby was employed by Atkinson-Jones Construction Company in 1947 to perform work outside of the continental limits of the United States at a defense bases project on the Island of Okinawa in the Pacific Ocean. He was employed under a written contract which, among other things, provided:

Section 8(b) "Any wage payments made to the Employee for a period during which he is entitled to workmen's compensation benefits by reason of temporary total, permanent total, or temporary partial disability shall be deemed an advance payment of compensation insurance benefits due the Employee, but only to the extent of benefits due for the period of disability during which wages are paid."

2. On May 12, 1947, the said Emery J. Cosby sustained an accidental injury arising out of and in the course of his employment, which resulted in temporary total disability and partial loss of the use of his right lower extremity. He was temporarily totally disabled during the periods from May 13, 1947, to July 28, 1947, inclusive, and from August 30, 1947, to November 4, 1947, inclusive. In accordance with the contract of employment, Atkinson-Jones Construction Company paid him the amount of $56 weekly, the said amount being his base pay for a forty-hour week, subject to deductions in the amount of approximately $6.64 a week for subsistence during the period of time he was temporarily totally disabled. The payment of the amount of $56 weekly during the periods of time above set forth were admittedly received by Cosby and are evidenced by checks payable to him and duly endorsed by him.

3. On May 10, 1948, a claim for compensation was filed by Cosby with the Deputy Commissioner at Manila, P. I., and on May 13, 1948, copy of same was sent to the Aetna Casualty and Surety Company, the insurance carrier, for answer. On June 1, 1948, answer was filed by W. T. Bullard, a representative of the insurance carrier.

4. Following the filing of the claim, and because of the fact that Cosby returned to his home in Arkansas, the Deputy Commissioner at Manila, P. I., with the approval of the Bureau, transferred the case to the Seventh Compensation District of the Bureau of Employees' Compensation, pursuant to the provisions of 19(g) of the Longshoremen's and Harbor Workers' Compensation Act, for further handling, 33 U.S.C.A. § 919(g).

5. The matter was heard before the Honorable Joseph H. Henderson, Deputy

148

Commissioner, Federal Security Agency, Bureau of Employees' Compensation, at Hampton, Arkansas, on the 27th day of September, 1948. After taking the matter under advisement for consideration, the Deputy Commissioner rendered an award on October 10, 1948, as follows:

"The sum of $1,839.29 for 26-5/7 weeks temporary total disability, at $25.00 per week, for the periods May 13, 1947 to July 28, 1947, inclusive, and August 30, 1947, to December 17, 1947, inclusive, and 22-6/7 weeks temporary partial disability, at $25.00 per week, for the period December 18, 1947 to May 25, 1948, both dates inclusive, and 24 weeks accrued permanent partial disability, at $25.00 per week; covering the period May 26, 1948 to November 9, 1948, both dates; inclusive, less the sum of $350.00 already heretofore paid, and less the further sum of $150.00 which shall be paid direct to Attorney R. H. Peace, as attorney fee, and

"Beginning November 10, 1948, shall continue to pay compensation to the claimant Emery J. Cosby, fortnightly, at the rate of $25.00 per week, for the remaining 38 weeks permanent partial disability."

6. In due course the Atkinson-Jones Construction Company and the Aetna Casualty and Surety Company filed the present complaint, wherein they prayed for the following relief:

"Wherefore, plaintiffs pray:

"(a) That an interlocutory or temporary injunction be issued, restraining said defendant, Joseph H. Henderson, Deputy Commissioner for the Seventh Compensation District, Bureau of Employees' Compensation, from enforcing the award rendered by him on October 10, 1948, ordering plaintiffs to pay compensation at the rate of $25.00 a week for the periods May 13, 1947 to July 28, 1947, inclusive, and from August 30, 1947 to November 4, 1947, or from imposing any penalty upon the plaintiffs for not paying such compensation in accordance with the award;

"(b) That, in due course, a permanent injunction to be granted by and issued from this Court to the defendant, Joseph H. Henderson, Deputy Commissioner for the Seventh Compensation District, Bureau of Employees' Compensation, and defendant, Emery J. Cosby, restraining said defendants from enforcing that portion of the award directing plaintiffs to pay compensation at the rate of $25.00 a week for the periods May 13, 1947 to July 28, 1947 inclusive, and from August 30, 1947 to November 4, 1947;

"(c) That a mandatory injunction be granted by and issued from this Court to said defendant, Joseph H. Henderson, Deputy Commissioner for the Seventh Compensation District, Bureau of Employees' Compensation, directing him to set aside that portion of the award directing plaintiffs to pay compensation at the rate of $25.00 a week for the periods May 13, 1947 to July 28, 1947 inclusive, and from August 30, 1947 to November 4, 1947; and allowing plaintiffs credits as advanced payments of compensation under Section 914 (K) of the Longshoremen and Harbor Workers' Compensation Act, for the compensation so paid during such periods of time;

"(d) That, further, plaintiffs demand judgment against the defendants, that the aforesaid portion of the award, directing plaintiffs to pay compensation to Emery J. Cosby for temporary total disability during the periods May 13, 1947 to July 28, 1947 inclusive, and from August 30, 1947 to November 4, 1947 inclusive be set aside as not in accordance with law.

"(e) And for such orders and further relief as equity, law and the nature of the case may require."

7. The application for a temporary injunction was set for hearing and this Court granted a temporary injunction on November 24, 1948. Subsequently, Deputy Commissioner Joseph H. Henderson filed a motion to dismiss the complaint, and on June 29, 1949, this Court entered an order overruling the said motion to dismiss. The matter now comes before the Court on the merits, and the sole question involved is whether that part of the compensation order filed by the Deputy Commissioner in which he found that the employee, Emery J. Cosby, was entitled to

compensation benefits for temporary total disability during the inclusive periods of May 13, 1947 to July 28, 1947 and from August 30, 1947 to November 4, 1947, at $25 per week was in accordance with law. There is no issue here as to the validity of other payments of compensation under the order.

### Conclusions of Law.

1. Section 8(b) of the contract of employment specifically provides that wage payments made to an employee for a period during which he is entitled to workmen's compensation benefits by reason of temporary total, permanent total, or temporary partial disability shall be deemed an advance payment of compensation insurance benefits due the employee, but only to the extent of benefits due for the period of disability during which wages are paid. This provision is clear and unambiguous, and there is no reason in law why it should not be enforced. The Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 914(k), specifically recognizes the right of the employer to be reimbursed for advanced payments of compensation, and the employment contract was clearly drawn with a view of taking advantage of that provision of the Act. Cf. Lawson v. Standard Dredging Company, 5 Cir., 134 F.2d 771; State Compensation Insurance Fund v. Hillsbury, D. C., 27 F.Supp. 852.

2. The contention urged by counsel for the Deputy Commissioner that Section 14(l) of the Longshoremen's and Harbor Workers' Compensation Act 33 U.S.C.A. § 914(l), requires the employer to prove payment of compensation by a receipt signed by the injured employee is without merit. In this case, the employee freely admitted receiving payment of his wages during the periods of time involved and, in addition, the payments are evidenced in the record by photostatic copies of the checks by which said payments were made. The Longshoremen's and Harbor Workers' Compensation Act is primarily concerned with substance and with material things, and where, as here, there is no dispute or disagreement as to the money having been received, empty formalities cannot change the substantial rights of the parties. Section 14(l) of the Act requires the employee to give receipts for payment of compensation to the employer, but there is nothing in the statute requiring the employer to obtain a receipt whenever paying compensation.

Having reached these conclusions, the Court directs the Clerk to enter judgment in the following words and figures, to wit:

It Is Ordered that the defendant, Joseph H. Henderson, Deputy Commissioner of the Seventh Compensation District, Bureau of Employees' Compensation, be and he is hereby permanently restrained and enjoined from enforcing that portion of the award directing Atkinson-Jones Construction Company and the Aetna Casualty and Surety Company to pay compensation at the rate of $25 a week for the periods May 13, 1947, to July 28, 1947, inclusive, and from August, 30, 1947 to November 4, 1947, inclusive.

It Is Further Ordered that the said Joseph H. Henderson, Deputy Commissioner for the Seventh Compensation District, Bureau of Employees' Compensation be and he is hereby directed to set aside that portion of the award requiring Atkinson-Jones Construction Company and the Aetna Casualty and Surety Company to pay compensation at the rate of $25 a week for the periods May 13, 1947, to July 28, 1947, inclusive, and from August 30, 1947 to November 4, 1947; and to allow the said Atkinson-Jones Construction Company and the Aetna Casualty Company credits as advanced payments of compensation under Section 914(k) of the Longshoremen's and Harbor Workers' Compensation Act, for the compensation paid as wages covering said periods of time.