McCABE INSPECTION SERVICE, Inc., Employer Plaintiff Appellant,

and

The State Insurance Fund, Insurance Carrier Plaintiff Appellant,

v.

John A. WILLARD, Deputy Commissioner for the Second Compensation District of the United States Department of Labor, Bureau of Employees' Compensation, Defendant-Appellee,

and

William Barefield, Employee Defendant-Appellee.

United States District Court
S. D. New York.
July 23, 1956.

Bernard Katzen, Gen. Atty., State Insurance Fund, New York City, for plaintiffs. Victor Fiddler, Glen Oaks, N. Y., George J. Hayes, New York City, of counsel.

Paul W. Williams, U. S. Atty., for Southern Dist. of New York, New York City, for John A. Willard. Harold J. Raby, Asst. U. S. Atty., New York City, of counsel.

LEVET, District Judge.

This matter involves the interpretation of Title 33 U.S.C.A. § 914(k), hereinafter set forth. Both plaintiffs and the Government in behalf of the Deputy Commissioner have moved for summary judgment. The issue depends upon whether or not certain payments made by an employer to its employee during the period of disability are to be credited under the terms of the aforesaid section as "advance payments of compensation" as against an allowance of partial permanent disability made by the Deputy Commissioner.

The plaintiffs herein are the employer and The State Insurance Fund, who seek to reverse an order of the Deputy Commissioner of the Bureau of Employees'

Compensation, named herein as a defendant. The employee is also named as a party defendant, although he does not contest the Deputy Commissioner's order.

The facts, in substance, are as follows: William Barefield, an employee of McCabe Inspection Service, Inc., was injured on August 19, 1954, in the course of his duty as an inspector on a railroad car float lying off Pier 21, North River, New York, N. Y. The employer, McCabe Inspection Service, Inc., was subject to the provisions of the Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, 44 Stat. 1424, 33 U.S. C.A. § 901 et seq. The liability of said McCabe Inspection Service, Inc. under this Act was insured by the New York State Insurance Fund. The employee, William Barefield, was disabled for 12½ weeks as a result of the injury. Since he was receiving in excess of $52.-50 per week, he was entitled under the Longshoremen's and Harbor Workers' Compensation Act to receive for such temporary total disability the sum of $35 per week, or $425. Barefield also was entitled to 37.2 weeks' compensation at $35 per week, or $1,302, since he had sustained a permanent partial disability equivalent to 15% loss of use of the right leg. The allowance for temporary total disability of $425, plus the total permanent partial disability equivalent to 15% loss of use of the right leg in the amount of $1,302, totals $1,727. This sum constitutes the total amount due to the employee.

It is contended by the plaintiffs here that the employer, McCabe Inspection Service, Inc., paid to the employee as and for compensation, the employee's full wage of $84 per week for 11½ weeks, amounting to $936. Plaintiffs, therefore, contend that credit for the full amount of such payments, that is, $936, should be allowed to them as reimbursement against the compensation awarded to the claimant. On the other hand, the Deputy Commissioner allowed credit for only $420, which is based upon $35 per week during the period of the total disability. Thus, the plaintiffs contend that the amount due to the claimant-employee is only $791 and that they are entitled to a credit in the amount of $936, whereas the Commissioner claims the amount due is $1,307. Therefore, the amount involved in this proceeding is $516.

The specific finding involved is:

" * * * The employer and insurance carrier having heretofore paid the employee $420.00 as compensation, there is due and payable $1,307.00 which amount the employer and insurance carrier are directed to pay forthwith to the employee, whereupon the case will be closed."

The Federal statutes involved herein are set out in the margin.[1]

For the purposes of comparison, similar statutes in the New York State Workmen's Compensation Law, McK.Con-

1. Title 33 U.S.C.A., chapter 18—Longshoremen's and Harbor Workers' Compensation Act, § 902(12) defines "compensation" as follows:

"'Compensation' means the money allowance payable to an employee or to his dependents as provided for in this chapter, and includes funeral benefits provided therein."

Title 33 U.S.C.A. § 914(k) is as follows:

"If the employer has made advance payments of compensation, he shall be entitled to be reimbursed out of any unpaid installment or installments of compensation due."

Title 33 U.S.C.A. § 915(b) is as follows:

"No agreement by an employee to waive his right to compensation under this chapter shall be valid. (Mar. 4, 1927, c. 509, § 15, 44 Stat. 1434.)"

Title 33 U.S.C.A. § 916 is as follows:

"*Assignment and exemption from claims of creditors.* No assignment, release, or commutation of compensation or benefits due or payable under this chapter, except as provided by this chapter, shall be valid, and such compensation and benefits shall be exempt from all claims of creditors and from levy, execution, and attachment or other remedy for recovery or collection of a debt, which exemption may not be waived. (Mar. 4, 1927, c. 509, § 16, 44 Stat. 1434.)"

sol.Laws, c. 67, are also quoted in the margin.[2]

Although the Deputy Commissioner concedes that the plaintiffs are entitled to a credit of $35 per week against the amount due the claimant, the Deputy Commissioner contends that this total of $420 is all that is allowable. The position so taken by the Deputy Commissioner apparently is based upon the following argument: That the sums paid by McCabe Inspection Service, Inc., employer, were not advance payments of compensation; that the amount of the credit cannot exceed the weekly amount of the compensation for the temporary total disability of $35 per week allowable to the employee, since credit is not allowable against the loss of use of a leg because this is a so-called "schedule" loss.

The Deputy Commissioner argues that the $84 paid weekly constituted wages and not compensation as defined in Section 902(12) of Title 33 U.S.C.A. and, hence, is not encompassed within the term "advance payments of compensation for which reimbursement is provided under Section 914(k)."

The money paid by the employer to the employee, in my opinion, was intended as compensation. It was (a) regularly paid; (b) by a corporate employer; (c) during the period of disability when the employee was not at work. The circumstances under which the employer paid the sum of $84 per week, rather than any terminology used, very definitely tend to support this conclusion and make any other hypothesis incredible. See Lawson v. Standard Dredging Co., 5 Cir., 1943, 134 F.2d 771, 772; Larson, The Law of Workmen's Compensation, Vol. 2, pp. 18 and 19.

■ Whether the payments were made as "advance compensation" within the meaning of the terms of the Compensation Act must ordinarily be determined from the circumstances. Here, the Deputy Commissioner has already determined that the employer paid to the em-

2. Section 2(6) defines "compensation" as follows:

"'Compensation' means the money allowance payable to an employee or to his dependents as provided for in this chapter, and includes funeral benefits provided therein."

The portion of Section 25 in respect to reimbursements reads as follows:

"* * * If the employer has made advance payments of compensation, or has made payments to an employee in like manner as wages during any period of disability, he shall be entitled to be reimbursed out of an unpaid instalment or instalments of compensation due, provided his claim for reimbursement is filed before award of compensation is made, or if insured, by the insurance carrier at the direction of the board, unless he shall file a waiver of reimbursement with the chairman, in which event compensation shall be paid to the claimant notwithstanding the advanced payments."

. [It should be noted that the words "or has made payments to an employee in like manner as wages" are not contained in the federal statute.]

Section 32 is as follows:

"Waiver agreements void

"No agreement by an employee to waive his right to compensation under this chapter shall be valid."

Section 33, relating to assignments, reads as follows:

"Assignments; exemptions

"Compensation or benefits due under this chapter shall not be assigned, released or commuted except as provided by this chapter, and shall be exempt from all claims of creditors and from levy, execution and attachment or other remedy for recovery or collection of a debt, which exemption may not be waived. Compensation and benefits shall be paid only to employees or their dependents, except as hereinafter in this section provided. In the case of the death of an injured employee to whom there was due at the time of his or her death any compensation under the provisions of this chapter, the amount of such compensation shall be payable to the surviving wife or husband, if there be one, or, if none, to the surviving child or children of the deceased under the age of eighteen years, and if there be no surviving wife or children, then to the dependents of such deceased employee or to any of them as the board may direct, and if there be no surviving wife, children or dependents of such deceased employee, then to his estate. An award for disability may be made after the death of the injured employee. As amended L.1945, c. 904; L. 1946, c. 113, § 28, eff. March 14, 1946."

ployee $420 as compensation... The sum of $420 is part of the total amount paid by the employer. If the $420 is paid as compensation, then to earmark this amount as compensation and to exclude the balance as not compensation appears to disregard the plainest of realities and to undermine the unambiguous meaning of the words of the statute.

By reason of the fact that the federal reimbursement statute, Section 914(k), does not contain the words "or has made payments to an employee in like manner as wages", used in the New York State Workmen's Compensation Law, Section 25, the Deputy Commissioner argues that no reimbursement is intended here. He also claims that Section 915(b) and Section 916 invalidate any agreement to waive compensation or any assignment, release or commutation of compensation benefits.

██ Awards for permanent partial disability (so-called "schedule" awards), however, are in effect compensation for loss in earning power. "In compensation, unlike tort, the only injuries compensated for are those which produce disability and thereby presumably affect earning power." Larson, Workmen's Compensation, § 2.40, cited in Iacone v. Cardillo, 2 Cir., 1953, 208 F.2d 696, 699.

██ "The New York cases merit particular attention in interpreting the Longshoremen's and Harbor Workers' Compensation Act, since the federal statute is based upon the New York Workmen's Compensation Law * * *" although "Interpretations subsequent to adoption, while perhaps entitled to 'respectful consideration,' * * * are persuasive only * * *." Iacone v. Cardillo, 2 Cir., 1953, 208 F.2d 696, 697, 698. "Schedule" allowances for partial permanent disabilities are held to be "compensation." Ulman v. Jerome Glass & Shade Co., Inc., 266 App.Div. 643, 44 N.Y.S.2d 641.

It is true that Section 25 of the State Act provides for reimbursement to the employer for "payments to an employee in like manner as wages during any period of disability". The defendant urges that the lack of this provision in the federal statute is fatal to the plaintiffs' claim here. Of this I am not convinced. If the employer has paid compensation—as the circumstances here show—there is no need to resort to the use of this additional phrase of the State Act since Section 914(k) is applicable.

In State Compensation Ins. Fund v. Pillsbury, D.C.S.D.Cal.1939, 27 F.Supp. 852, the Court stated:

"The Longshoremen's and Harbor Workers' Compensation Act is designed and intended to afford quick monetary action to persons injured in the course of maritime employment, Arrow Stevedore Co. v. Pillsbury, 9 Cir., 88 F.2d 446; and it should be administered and interpreted so as to encourage employers to comply with all of its requirements with celerity and not to penalize those who humanely and more than sufficiently meet the demands of the law." 27 F.Supp. at page 853.

And in speaking of subsection (k) of Section 914, Title 33 U.S.C.A., the same Court said: "These words of the statute are to be given plain and obvious meaning" and "The provision is made so that solicitous employers shall not be mulcted because of humane considerations toward injured employees." 27 F.Supp. at page 853.

I have not disregarded the fact that Section 902(13) defines "wages" as follows:

"'Wages' means the *money rate* at which the service rendered is recompensed under the contract of hiring in force *at the time of the injury,* including the reasonable value of board, rent, housing, lodging, or similar advantage received from the employer, and gratuities received in the course of employment from others than the employer." (Emphasis supplied.)

This definition of "wages" tends to confirm the fact that here the payments were compensation and not wages. Therefore,

invocation of the additional reimbursement clause in Section 25 of the New York State Workmen's Compensation Law is unnecessary.

Sullivan v. G. B. Seely Son, Inc., 226 App.Div. 629, 236 N.Y.S. 377, affirmed 252 N.Y. 621, 170 N.E. 167, which was decided before the amendment of Section 25 of the State Act, illustrates the attitude of that Court (Third Department) in respect to verbiage when the employer has in effect paid compensation. See also Schwartz v. Jacobs Bros. Co., Inc., 247 App.Div. 848, 286 N.Y.S. 711; Lissow v. Mabbett Motors, Inc., 253 App. Div. 858, 1 N.Y.S.2d 588.

■ Clearly, the allowances for permanent partial disability provided for in Section 908 of Title 33 U.S.C.A. come within the definition of "compensation" enunciated in Section 902(12) and, hence, must be deemed compensation within the provisions of Section 914(k) relating to reimbursement. There is no exception for such so-called "schedule" benefits from the requirement of reimbursement provided for the employer under Section 914(k). If an employer is entitled to reimbursement for advance payments of one type of benefit, he is entitled to reimbursement for both, since both are compensation.

■ As to the alleged prohibition of Section 915(b) against waiver and Section 916 against assignment, etc., it does not appear that these sections are applicable. Here, there was definitely no waiver and no assignment. All of the money paid by the employer was paid prior to such award and was for compensation advanced during his actual disability. The encouragement of the policy of pre-payment, upon which the provision for reimbursement is founded, is indicated in a number of decisions. See Alaska Packers Ass'n v. Marshall, 9 Cir., 1938, 95 F.2d 279, 281; State Compensation Ins. Fund v. Pillsbury, D.C.S.D.Cal. 1939, 27 F.Supp. 852, 853; Lawson v. Standard Dredging Co., 5 Cir., 1943, 134 F.2d 771.

Moreover, Congress in enacting the Longshoremen's and Harbor Workers' Compensation Act apparently intended to give an injured employee compensation benefits under a choice of remedies when the injuries resulted from the fault of a third person other than the employer or a fellow-employee. He could elect to take compensation and seek an award against his employer or, in the alternative, sue the third person at law or in admiralty. However, he was not entitled to pursue both remedies. Title 33 U.S. C.A. § 933; Fontana v. Pennsylvania R. Co., D.C.S.D.N.Y.1952, 106 F.Supp. 461, 463, affirmed 2 Cir., 1953, 205 F.2d 151.

■ It is my opinion that the payments made by the employer to the employee herein, totalling $936, constituted advance payments of compensation within the meaning of Section 914(k) of Title 33 U.S.C.A. Therefore, the employer is entitled to a credit for such payments.

Accordingly, plaintiffs' motion for summary judgment is granted and defendant's motion for summary judgment is denied. The defendant, Deputy Commissioner John A. Willard, and anyone acting in his behalf, is hereby enjoined from enforcing the aforesaid award of January 19, 1956 insofar as it conflicts with the decision herein.

Settle order on notice.