240 F.2d 942
 McCABE INSPECTION SERVICE, Inc., Employer-Plaintiff-Appellee, and
The State Insurance Fund, Insurance Carrier-Plaintiff-Appellee,
v.
John A. WILLARD, Deputy Commissioner for the Second Compensation District of the United States Department of Labor, Bureau of Employees' Compensation, Defendant-Appellant, and
William Barefield, Employee-Defendant.
 No. 176.
 Docket 24343.
 United States Court of Appeals Second Circuit.
 Argued January 15, 1957.
 Decided February 5, 1957.
 
 Paul W. Williams, U. S. Atty., for Southern District of New York, New York City (Stuart Rothman, Solicitor of Labor, Ward E. Boote, Asst. Solicitor, and Herbert P. Miller, Attorney, U. S. Department of Labor, of counsel), for appellant.
 James J. Carroll, Acting General Attorney of State Insurance Fund, New York City (Victor Fiddler, Glen Oaks, and George J. Hayes, New York City, of counsel), for appellees.
 Before MEDINA and HINCKS, Circuit Judges, and LEIBELL, District Judge.
 MEDINA, Circuit Judge.
 
 
 1
 This case involves judicial review of a compensation order issued under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq.
 
 
 2
 The claimant, who had been receiving $84 a week as wages, was injured in the course of his duties and suffered both a temporary total disability and a permanent partial disability, for each of which compensation became due under the Act. During the periods in which claimant performed no services, his employer, appellee herein, continued to pay him $84 a week, pursuant to company policy. The amount due as compensation for the temporary total disability was $35 a week. The only question before the District Court, and before us, is whether the Deputy Commissioner erred in holding that the difference of $49 a week when the claimant was not working was "wages" rather than "advance payments of compensation" for the permanent injury.
 
 
 3
 Since the sums in question were not paid for services rendered, they may not properly be described as "wages," see 33 U.S.C.A. § 902(13), and the cases cited by appellant in which the courts declined to reduce a schedule award for a permanent partial disability by the amount of post-injury earnings, e. g., Atlas Coal Co. v. Moore, 298 Ky. 767, 184 S.W.2d 76; Agricola Furnace Co. v. Smith, 239 Ala. 488, 195 So. 743, are therefore inapplicable. Moreover, the employer does not contend that the claimant is not entitled to the full schedule award; he seeks only to be credited with amounts paid before the permanent injury was administratively determined. The statute provides explicit authority for this position. Section 914(k) is as follows:
 
 
 4
 "If the employer has made advance payments of compensation, he shall be entitled to be reimbursed out of any unpaid installment or installments of compensation due."
 
 
 5
 The Deputy Commissioner rejected the employer's contention that the sums in question were "advance payments of compensation," apparently because the employer made them before his liability for payment for the permanent injury had been established and because he failed to label them as such. We find little to recommend such a rule.
 
 
 6
 The Act "should be administered and interpreted so as to encourage employers to comply with all of its requirements with celebrity and not to penalize those who humanely and more than sufficiently meet the demands of the law." State Compensation Ins. Fund v. Pillsbury, D. C., 27 F.Supp. 852, quoted in Judge Levet's opinion below, 143 F.Supp. 393, 397.
 
 
 7
 It would be destructive of this purpose to hold that one who has voluntarily paid over to the injured employee at the time of his greatest need more than he was then obliged to pay under the Act, should in addition be required to pay amounts subsequently determined to be due. This might well cause the open handed employer to pause lest the sum of his voluntary payments and possible subsequent awards exceed the amount he is able or willing to pay. Such a rule would not only unjustly favor the less generous employer, but would also diminish the employee's chances for prompt financial assistance when he needs it most.
 
 
 8
 We hold that the fact that the payments in question were made before the employer knew there was a permanent injury does not deprive him of credit therefor.
 
 
 9
 Nor is it significant that the employer made the payments without knowing that any permanent disability would be found or that he did not label them as advance payments of compensation due under the Act. Lawson v. Standard Dredging Co., 5 Cir., 134 F.2d 771. We do not say that an employer may not waive his right to consider voluntary pre-award payments as compensation, or that in a given case facts might not be established giving rise to an estoppel. We hold only that there has been no waiver in this case nor is there any basis for a finding of estoppel.
 
 
 10
 Affirmed.