**CRESCENT WHARF & WAREHOUSE COMPANY, a corporation, and Pacific Employers Insurance Company, a corporation, Appellants,**

v.

**Warren H. PILLSBURY, Deputy Commissioner, United States Department of Labor, Bureau of Employees' Compensation, 13th Compensation District, and William Lasche, Appellees.**

No. 15612.

United States Court of Appeals
Ninth Circuit.

May 7, 1958.

---

8. Internal Revenue Code of 1939, § 114 (b), (4) (B), 26 U.S.C.A. § 114(b) (4) (B) (now Internal Revenue Code of 1954, §§ 613(c) (2), (4), 26 U.S.C.A. § 613 (c) (2), (4).

Higgs, Fletcher & Mack, John W. Burnett, San Diego, Cal., for appellant.

George Cochran Doub, Asst. Atty. Gen., Samuel D. Slade, Bernard Cederbaum, Attorneys, Department of Justice, Washington, D. C., Laughlin E. Waters, U. S. Atty., Richard A. Lavine, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before FEE, BARNES and HAMLIN, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

This appeal raises the question of the right of an employer and an insurer against whom an award of compensation has been made by a Deputy Labor Commissioner, and who have enjoined the enforcement of the award, to proceed to final judgment in the United States District Court, notwithstanding the failure to substitute the successor of the Deputy Commissioner as defendant in the injunction proceedings within six months of the taking of office by the successor after the resignation of the defendant in such suit.

Crescent Wharf & Warehouse Company and Pacific Employers Insurance Company filed complaint in the District Court for the purpose of reviewing compensation orders [1] made by Warren H. Pillsbury, Deputy Commissioner, United States Department of Labor, Bureau of Employees' Compensation, 13th Compensation District, who was named a defendant. Plaintiffs also joined as defendant William Lasche, the injured worker. A preliminary injunction was obtained in accordance with the statute.

On March 28, 1955, hearing was had before the District Court. An order remanding the cause was made June 27, 1955, but on appropriate motion this or-

---

1. For previous litigation, see Cyr v. Crescent Wharf & Warehousse Co., 9 Cir., 211 F.2d 454.

der was vacated and the cause resubmitted on August 3, 1955.

Warren H. Pillsbury retired from public office as Deputy Commissioner on December 31, 1955. He was succeeded in that office on February 9, 1956, by Charles F. Hanson.

Defendant Pillsbury filed a motion to dismiss the complaint in the injunction proceeding on February 25, 1957. The basis of the motion was that the suit had abated because of the failure of plaintiffs to apply, in accordance with Rule 25(d), Federal Rules of Civil Procedure, 28 U. S.C.A., for the substitution of Hanson for defendant Pillsbury within six months of the taking of office by Hanson. On March 14, 1957, plaintiffs filed a motion for substitution nunc pro tunc as of August 4, 1956.[2]

The District Court denied the motion to substitute the successor nunc pro tunc as of August 4, 1956, and granted the motion of Pillsbury to dismiss the action. Appeal from the judgment of dismissal followed.

It is first urged that compensation under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 903, is payable only as a result of "injury occurring upon the navigable waters of the United States." It is then said that the Federal Rules of Civil Procedure "do not apply to proceedings in admiralty." Rule 81(a) (1), Federal Rules of Civil Procedure. Therefore, it is concluded Rule 25(d) has no application. It has long been recognized that, although the substantive law of the admiralty courts is applied under this Act, Congress drew "upon another system of procedure to equip the court with suitable and adequate means for enforcing the standards of maritime law defined by the act."[3] The Supreme Court followed this approach and, as to adjective law, applied the Federal Rules of Civil Procedure "to proceedings for enforcement or review of compensation orders under the Longshoremen's and Harbor Workers' Compensation Act * * * except to the extent that matters of procedure are provided for in that Act." Rule 81(a) (6), Federal Rules of Civil Procedure.

The Supreme Court of the United States has the power to prescribe the practice and procedure of the District Courts in civil actions.[4] It is true such rules should not abridge, enlarge or modify any substantive right. Rule 25 (d) was in essence embodied in the statute law as a limitation relating to civil actions before the promulgation of the Federal Rules of Civil Procedure.[5] Insofar as the statute affected substantive rights, the adoption of the principle of the enactment in Rule 25(d) did not effect any change. The subsequent repeal of the statute[6] has not changed the situation. If then the Supreme Court adopted the Civil Rules, no reason is discerned why this statute was not as applicable to a suit for review of an award as well as any other civil action. Rule 25(d) did not change or modify a substantive right, if there was one, but accepted the procedural limitation of the statute as a Rule. On the other hand, if there be a substantive right in admiralty involved, the Supreme Court has always exercised the power to make rules for the conduct of admiralty and maritime cases.[7] On this power there is no limitation, but procedural rules may there impinge upon substantive right.

The claim that Rule 25(d) is unconstitutional in its application to this case has therefore no merit.

---

2. August 4, 1956, is a date within six months of when Hanson had taken office as Deputy Commissioner.

3. Crowell v. Benson, 285 U.S. 22, 49, 52 S.Ct. 285, 292, 76 L.Ed. 598. See, also, Panama Railroad Company v. Johnson, 264 U.S. 375, 388–389, 44 S.Ct. 391, 68 L.Ed. 748.

4. 28 U.S.C.A. § 2072.

5. Section 11(a) of the Judiciary Act of 1925, 43 Stat. 936, 941. For the abating effect of separation from office of a defendant-official prior to this and like enactments, see Warner Valley Stock Company v. Smith, 165 U.S. 28, 17 S.Ct. 225, 41 L.Ed. 621.

6. 62 Stat. 992, 1000.

7. 28 U.S.C.A. § 2073.

The statute under which the suit was brought had no provision for the joinder of the claimant to whom the award was made. It is true he was treated as a party, and injunction was issued against him. But, since the statute says specifically who shall be sued,[8] that person, Pillsbury, the Deputy Commissioner, was the only necessary party. When the suit was dismissed as to him, the review of the award could never be had.[9]

The point is made that the delay in decision by the District Court violated due process. The date of submission was August 2, 1955. Pillsbury retired from office December 31, 1955. After that date the District Court had no power to decide the case, since there was no necessary party. This is the very reason for the Rule and the statute upon which it is based.

Crescent also complains of hardship. But this is no more marked in this case than in many other procedural blocks to further proceedings. Crescent was keeping an injunction in effect and preventing the payment of an award to the claimant, which had been bestowed upon him by adjudication of the Deputy Commissioner after this Court had directed such a result if certain facts, which we found implicit in the evidence, were made the basis of the award. Under such circumstances, it was incumbent upon Crescent and the Insurance Company to know when Pillsbury retired from public office at their peril.[10] While this rule might not be always construed as mandatory, the circumstances of this case do not, in our opinion, permit any mitigation of the force thereof. Claimant has already been prevented from receiving the full award made to him for almost three years.

The orders of the District Court refusing to substitute Hanson for Pillsbury nunc pro tunc as of August 4, 1956, and granting the motion of defendant to dismiss are correct.

Affirmed.

---

8. 33 U.S.C.A. § 921(b) provides for review of compensation orders in suits "brought by any party in interest against the deputy commissioner making the order."

9. "The absence of a necessary party and the statutory barrier to substitution go to jurisdiction." Snyder v. Buck, 340 U.S. 15, 22, 71 S.Ct. 93, 97, 95 L.Ed. 15.

10. See Poindexter v. Folsom, 3 Cir., 242 F.2d 516, where agreement of parties to extend time for substitution beyond that provided in Rule 25(d) was held ineffective and cause dismissed.