**GLOBE INDEMNITY COMPANY et al.,**
**Plaintiffs,**

v.

**C. D. CALBECK et al., Defendants.**

**Civ. A. No. 11137.**

United States District Court
S. D. Texas,
Houston Division.

Dec. 27, 1960.

See also 230 F.Supp. 9.

Vinson, Elkins, Weems & Searls (William R. Eckhardt), Houston, Tex., for plaintiffs.

William B. Butler, U. S. Atty., and Jack Shepherd, Asst. U. S. Atty., Houston, Tex., for defendants.

INGRAHAM, District Judge.

This is an action to enjoin and set aside an award of the Deputy Commissioner, issued pursuant to the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C.A. § 901 et seq.). The award was in favor of the

claimant Turner, one of the defendants here, and was adverse to his employer, J. S. Gissel & Company, one of the plaintiffs.

A brief recitation of pertinent facts is necessary. On February 4, 1955, Arthur B. Turner, son of claimant Jesse Turner, was performing services as a laborer for his employer on top of its barge at Houston, Texas, said vessel being afloat upon the navigable waters of the United States, when decedent Arthur B. Turner fell from the barge into the Houston Ship Channel and was drowned. It was stipulated by the parties and found by the Deputy Commissioner that claimant Turner as the result of a claim for death benefits filed with the Industrial Accident Board of the State of Texas obtained a judgment against plaintiff, Globe Indemnity Company, on said claim from the District Court of the 125th Judicial District of Harris County, Texas, in the gross sum of $6550 and that, deducting an approved attorney fee of $1600 and expenses of $30.65, the net recovery that claimant received as compensation, in a lump sum, and which has been paid him under that state judgment, is $4919.35.

Subsequently, the claim of Jesse Turner for benefits under the Longshoremen's and Harbor Workers' Compensation Act was filed with Deputy Commissioner Calbeck. The case was referred to Deputy Commissioner Henderson for a hearing. This hearing, held on June 24, 1957, related to the only disputed fact issue in the case, the issue of whether Jesse Turner was dependent upon his son for support at the time of the son's death. Defendant Deputy Commissioner C. D. Calbeck entered his award on September 9, 1957, ordering payments to claimant. By memorandum opinion of December 28, 1959, this court denied plaintiffs' motion for summary judgment and for default judgment. Defendants' motion for summary judgment was also denied therein. I then held as follows: (1) this claim lies within the exclusive federal jurisdiction of the Longshoremen's and Harbor Workers' Act; (2) the prior

state court judgment was not res judicata, nor did it raise an estoppel barring recovery of further benefits under the federal act; and (3) no default judgment was to be entered against defendant-claimant Turner because of his failure to appear in the present proceedings.

This review of the compensation order of defendant Calbeck is made pursuant to 33 U.S.C.A. § 921(b), which provides that the award may be set aside "[i]f not in accordance with law". Plaintiffs set forth these grounds for setting aside this award: (1) claimant did not timely file his claim under the compensation act within one year after the death of his son; (2) the evidence in the record is insufficient to sustain the finding of the deputy commissioner that claimant was dependent upon his son for support at the time of his injury and death; (3) the award erroneously fails to credit plaintiffs with the sum of $1600 awarded by the state court as attorneys' fees and fails to credit plaintiffs with the amount of discount for advance payment of compensation in a lump sum pursuant to Texas statutes; (4) because of default in appearance by claimant the allegations of the complaint stand admitted by him and plaintiffs thereby are entitled to the relief prayed for; and (5) the deputy commissioner erroneously failed to find that the state court judgment created an estoppel which required a finding that there was no coverage under the federal compensation act.

At the outset the contention of plaintiffs that there is insufficient evidence to find that claimant was partially "dependent" upon decedent will be disposed of. It is settled that "dependency" exists if claimant relied upon assistance from decedent as part of his means of living in order to sustain himself in an accustomed mode of living. Plaintiffs contend that the transcript of the June 1957 hearing shows merely that decedent gave claimant four small amounts of money on the occasions of his visits to claimant in Louisiana. Such isolated contributions are thought clearly insuf-

ficient to indicate any dependency. I have read and re-read the transcript of the hearing on this issue. That I might well decide this issue differently from Deputy Commissioner Calbeck were it open to me for a "de novo" conclusion is quite beside the point. It is settled that the deputy commissioner's finding must be upheld. if supported by substantial evidence. Texas Employers' Ins. Ass'n v. Sheppeard, 62 F.2d 122 (5th Cir.1932).

■ In the court's opinion there is sufficient evidence to support a finding of dependency of claimant upon decedent employee at the time of his death. Claimant is elderly, sick, and illiterate. While his testimony is far from a model of clarity these statements by claimant support the finding of dependency: (1) he is not now working and has not worked for two years (Tr. 21); (2) his prior earnings averaged but $10 a week (Tr. 25); (3) he is ill from high blood pressure and a bad heart (Tr. 30); (4) he has had no income (outside the support from his late son) except $10 a month rent from his daughter's house (Tr. 31); (5) when his son was alive he brought him money when he came home on week ends from Houston (Tr. 46); and (6) he received money from decedent the month before his son's death (Tr. 51). Four such payments totalling only $66 seem insignificant, as plaintiffs point out, until the extreme poverty of claimant is noted. Viewed from the very modest circumstances of claimant's life, decedent's contributions to his father loom large.

I turn next to plaintiffs' objection that claimant did not timely file his claim under the federal act. Arthur Turner, claimant's son, accidentally drowned on February 4, 1955. Plaintiffs say that the claim form in defendant Calbeck's official file shows on its face that it was filed on May 24, 1956—not within one year after the fatal accident. 33 U.S. C.A. § 913(a) provides in pertinent part:

> "*The right to compensation * * * for death shall be barred unless a claim therefor is filed within one year after the death,* except that if payment of compensation has been made without an award on account of such injury or death a claim may be filed within one year after the date of the last payment" (Emphasis supplied.)

This issue was not raised in the hearing before the deputy commissioner. Indeed, the deputy commissioner stated in the hearing record that the claim was filed June 5, 1955, within four months of the death (Tr. 3). Upon these facts the court believes the following express provision in 33 U.S.C.A. § 913(b) controls:

> " * * * failure to file a claim within the period prescribed * * * shall not be a bar to such right unless objection to such failure is made at the first hearing of such claim in which all parties in interest are given reasonable notice and opportunity to be heard."

■ Since there was no issue raised in respect to timeliness of the claim before the deputy commissioner in the hearing of June 24, 1957, the plaintiffs did not comply with 33 U.S.C.A. § 913(b), supra. The sole issue raised or disputed at that proceeding was the question of dependency. Plaintiffs' objections on the ground of timeliness of the claim come too late. The issue should have been raised in the June 1957 hearing. The provisions of 33 U.S.C.A. § 913(b) were strictly enforced by the reviewing district courts in Grain Handling Co. v. Mc-Manigal, 30 F.Supp. 974, 976 (W.D.N.Y. 1940), and Feeney v. Willard, 129 F.Supp. 414 (S.D.N.Y.1955).[1]

---

1. These cases hold that an issue cannot be presented initially when the case is before a court for review: Parker v. Motor Boat Sales, 314 U.S. 244, 251, 62 S.Ct. 221, 86 L.Ed. 184 (1941); Southern Shipping Co. v. Lawson, 5 F.Supp. 321, 322 (S.D.Fla.1933); and Bethlehem Steel Co. v. Parker, 163 F.2d 334, 336 (4th Cir. 1947).

▉ The award is next challenged on the ground that it erroneously fails to credit plaintiffs with the sum of $1600 awarded by the state court as attorneys' fees and fails to credit plaintiffs with the amount of discount for advance payment of compensation in a lump sum pursuant to Texas statutes. 33 U.S.C.A. § 914(k) provides:

> "If the employer has made advance payments of compensation, he shall be entitled to be reimbursed out of any unpaid installment or installments of compensation due."

Plaintiffs correctly state that the courts have interpreted this section to require the giving of credit for payments made to the claimant whether they are labelled as advance payments of compensation due under the Act or something else. Plaintiffs then cite several cases to support their claim that the deputy commissioner wrongfully failed to credit them with the $1600 in attorney's fees that claimant was awarded in the state court. These cases merely hold that payments made under state compensation laws may be credited to the employer under 33 U.S.C.A. § 914(k). None of the cases cited by plaintiffs even discusses the point here at issue.[2] I have found no case precisely in point here. Voris v. Gulf-Tide Stevedores, 211 F.2d 549 (5th Cir. 1954), is analogous to this problem. Our court of appeals therein held that the employer and insurance carrier were to be given credit for only the net amount actually received by the compensation beneficiaries under this Act in a third-party action, excluding attorneys' fees. While the court was concerned with a third-party suit ramification and not 33 U.S.C.A. § 914(k), the rationale of the de-

cision has plain lessons for this court. Hence, upon the principles enunciated in this somewhat similar kind of crediting of net recovery in 211 F.2d 549, I find no error in the action of the deputy commissioner in this respect.[3] Nor was there error in the deputy commissioner's decision that no credit was to be given plaintiffs for the amount of discount for advance payment of compensation in a lump sum under Texas statutes. No authority is cited by plaintiffs in this regard, nor did they request such credit at page 77 of the transcript. I found exclusive federal jurisdiction here in the memorandum of December 1959. The deputy commissioner properly refused to follow Texas procedure, if such it be, herein; he is not administering the Texas compensation act.

▉ It is next contended by plaintiffs that because of the alleged "default in appearance" by claimant Turner the allegations of the complaint stand admitted by him and that thereby plaintiffs are entitled to the relief prayed for. Plaintiffs hereby attempt to take a default against claimant and in so proceeding go without the Act's provisions. Plaintiffs get only the review specified in 33 U.S.C.A. § 921(b). Plaintiffs in this request run afoul of the prohibitions of 33 U.S.C.A. § 921(d). This contention of default on the part of claimant is without merit. There are no reported cases requiring claimant to be made a defendant herein. This court in effect rejected this same argument at page 11 of its December 1959 opinion. Supporting language may be found in Crescent Wharf & Warehouse Co. v. Pillsbury, 259 F.2d 850, 853 (9th Cir. 1958).[4] Plaintiffs cite Halpin v. Savannah River Electric Co., 41 F.2d

---

2. Typical of the inapposite cases cited by plaintiffs are: Di Costanzo v. Willard, 165 F.Supp. 533 (E.D.N.Y.1958), which concerns the reasonableness in amount of an attorney's fee allowed by the deputy commissioner; Lawson v. Standard Dredging Co., 134 F.2d 771 (5th Cir. 1943), which recognizes that state compensation awards are to be credited under 33 U.S.C.A. § 914(k); and McCabe Inspection Service, Inc. v. Willard, 240

F.2d 942 (2nd Cir. 1957), which concerns the dissimilar problem of wages paid by employer during a claimant's illness.

3. It should be noted also that plaintiffs got precisely what they requested at the hearing herein. At page 77 of the transcript plaintiffs requested the "net sum of $4,919.35" be credited.

4. The court said in 259 F.2d at page 853: "The statute under which the suit

329 (4th Cir. 1930), and Valley Forge Golf Club v. L. G. DeFelice & Son., 124 F.Supp. 873 (E.D.Pa.1954). While both these cases contain instructive discussion on the various types of parties under the Federal Rules of Civil Procedure, they do not deal with the statutory provisions which control herein.

I come to plaintiffs' final argument. Their premise is that compensation is payable under the Act at bar only if recovery may not validly be provided through workmen's compensation proceedings under state law (33 U.S.C.A. § 903(a)). Therefore, say plaintiffs, the determination made by the state court judgment in the action between the same parties, that this was a proper case for the award of compensation under the Texas statute, raised an estoppel by judgment barring the recovery of further benefits under the Longshoremen's and Harbor Workers' Act. Plaintiffs cite numerous cases and devote a considerable portion of their briefs to this contention. After examination of these authorities I am of the opinion that plaintiffs' argument on this issue was rejected in the opinion of December 1959. Dismissing these contentions the court held therein at page 4:

> "In the opinion of the court plaintiffs' motion for summary judgment should be denied, since on the basis of the facts stated above the claim lies within the exclusive federal jurisdiction of the Longshoremen's and Harbor Workers' Act and not within a concurrent federal-state or 'twilight zone'. Thus a prior state court judgment cannot be res judicata or raise an estoppel barring recovery of further benefits under the federal act, where the Deputy Commissioner has exclusive jurisdiction to make an award."

For the Fifth Circuit and its Texas courts this question was thought settled by Flowers v. Travelers Ins. Co., 258 F. 2d 220 (5th Cir. 1958), and Noah v. Liberty Mutual Ins. Co., 267 F.2d 218 (5th Cir. 1959). Careful study of plaintiffs' briefs on summary judgment and herein on the merits reveals no authority or new theory to compel or warrant reversal of my opinion of December 1959. Hence, plaintiffs' contentions of estoppel and res judicata and the like are without merit.

Plaintiffs' prayer that the award of Deputy Commissioner Calbeck be set aside will be denied. The award will stand. The clerk will notify counsel to draft and submit appropriate order.

was brought had no provision for the joinder of the claimant to whom the award was made. It is true he was treated as a party, and injunction was issued against him. But, since the statute says specifically who shall be sued, that person, * * * the Deputy Commissioner, was the only necessary party."