**BURNS STEAMSHIP CO. et al. v.
PILLSBURY et al.
No. 12127.**

United States Court of Appeals
Ninth Circuit.

June 28, 1949.

Rehearing Denied Aug. 8, 1949.

Tipton & Weingand, Syril S. Tipton and Patrick H. Ford, Los Angeles, Cal., for appellant.

James M. Carter, U. S. Atty., Clyde C. Downing and Leila F. Bulgrin, Asst. U. S. Atty., Los Angeles, Cal., for appellee Pillsbury.

Before DENMAN, Chief Judge, and STEPHENS and BONE, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from a judgment confirming an award by appellee Pillsbury to the widow of John A. Anderson under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., for the death of her husband, a stevedore employee of appellant Burns Steamship Company, killed on November 29, 1947, by the falling of a slingload of coal being loaded aboard the steamship Daisy Gray.

Appellants seek to set aside the award on the ground that Pillsbury erred in finding that the death arose from an accident "arising out of or in the course of employment," as that language is used in 33 U.S.C. § 902(2), 33 U.S.C.A. § 902(2), providing, "The term 'injury' means accidental injury or death arising out of and in the course of employment * * *."

The evidence clearly supports Pillsbury's following finding respecting employee Anderson's death. "The said employee, while acting as hatchtender, was signalling the bringing on board by the ship's winches of a sling load of coal for use in ship. The sling load swung against him, causing injuries from which he died the same day. He had been previously requested by the ship's mate, a superior officer, to let such sling load of coal remain on the dock that it might be brought on board later by members of the ship's crew who would operate winches at the next hatch. The reasons for his disregarding said request are not known, although it may be surmised that he did so in order to obtain the sling in which said coal had been placed for the purpose of using it to discharge some waste and scrap wood on the deck to the dock, an act permitted by the employer; that the act of bringing said

coal on board was within the general scope of his duties in that it was part of his work to direct the winches in the loading and unloading of the ship, including occasional loading of ship's stores, and that his failure to comply with said direction of the mate was an act of minor disobedience in the course of his work and not an act taking himself outside the scope and course of his employment."

Appellants contend that because Anderson's death would not have occurred but for his fault in disobeying the mate's order, the death occurred without the employment of the Burns Steamship Company. In determining this contention the pertinent provisions of the Compensation Act are:

"Section 903(b). No compensation shall be payable if the injury was occasioned solely by the intoxication of the employee or by the willful intention of the employee to injure or kill himself or another."

"Section 904(b). Compensation shall be payable irrespective of fault as a cause for the injury."

"Section 920. Presumptions. In any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary— * * *

"(c) That the injury was not occasioned solely by the intoxication of the injured employee.

"(d) That the injury was not occasioned by the willful intention of the injured employee to injure or kill himself or another. (Mar. 4, 1927, c. 509, § 20, 44 Stat. 1436.)"

So far as concerns sections 903(b), 904(b) and 920(d), there is no substantial evidence, nor indeed any, that Anderson's death was "occasioned by * * * his willful intention * * * to kill himself." Even assuming that Anderson's fault causing his injury was a willful disobedience of orders, the fault comes within 904(b) because lacking the intent to kill himself.

The District of Columbia Court of Appeals in Hartford Accident etc. Co. v. Cardillo, 72 App.D.C. 52, 112 F.2d 11, certiorari denied 310 U.S. 649, 60 S.Ct. 1100, 84 L.Ed. 1415, held similarly that the injury to the employee from a fist fight with another person was a compensable fault within section 904(b). Cf. Capital Transit Co. v. Hoagi, 65 App.D.C. 382, 84 F.2d 235, 237.

Appellants cite common law authorities and the restatement of that law to the effect that such disobedience of orders of the employer prevented recovery from the employer. These we disregard under the law as stated by the Supreme Court in Cardillo v. Liberty Mutual Ins. Co., 1947, 330 U.S. 469 at page 481, 67 S.Ct. 801, 808, 91 L.Ed. 1028.

"Indeed, to import all the common law concepts of control and to erect them as the sole or prime guide for the Deputy Commissioner in cases of this nature would be to encumber his duties with all the technicalities and unrealities which have marked the use of those concepts in other fields."

Various state cases construing state compensation acts are cited, some supporting our view and some seemingly contra. The issue here is so plainly determined from the specific provisions of the Longshoremen's Act that our opinion need not be burdened by their consideration.

The judgment is affirmed.

STEPHENS, Circuit Judge, did not participate in the decision of this case.