**Norman ANDRAS, Plaintiff-Appellant,**

v.

**P. J. DONOVAN, Deputy Commissioner, Seventh Compensation District, Bureau of Employees Compensation, United States Department of Labor, et al., Defendants-Appellees.**

**No. 26910.**

United States Court of Appeals Fifth Circuit.

July 16, 1969.

---

James J. Morrison, New Orleans, La., for appellant.

Louis C. LaCour, U. S. Atty., New Orleans, La., Leavenworth Colby, Atty.,

Dept. of Justice, Washington, D. C., for appellees.

H. Martin Hunley, John William Futrell, New Orleans, La., for intervenor.

Before WISDOM and MORGAN, Circuit Judges, and DAVIS,* Judge of United States Court of Claims.

## PER CURIAM:

This is a proceeding for a review of a compensation order of the Deputy Commissioner under 33 U.S.C. § 921,[1] awarding the plaintiff, Norman Andras, $38.93 a week for temporary partial disability. Andras was employed as a welder by Gretna Machine and Iron Works, Inc. at its shipyard in Gretna, Louisiana. On November 13, 1963, while Andras was welding on the skeg of a gasoline tank barge in the graving dock of Gretna Machine, the skeg exploded, instantly killing Andras's co-worker and seriously injuring Andras. Andras suffered shock with post-concussion headaches and severe anxiety and depression with ultimate traumatic neurosis.

Andras was treated for his injuries by Dr. Don Filip Carlos. As part of his psychiatric therapy, Dr. Carlos prescribed that Andras attempt to return to his former employment as a shipyard worker. Andras returned to work on a

---

* Sitting by Designation.

1. 33 U.S.C. § 921:

(a) A compensation order shall become effective when filed in the office of the deputy commissioner as provided in section 919 of this title, and, unless proceedings for the suspension or setting aside of such order are instituted as provided in subdivision (b) of this section, shall become final at the expiration of the thirtieth day thereafter.

(b) If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings, mandatory or otherwise, brought by any party in interest against the deputy commissioner making the order, and instituted by the Federal district court for the judicial district in which the injury occurred (or in the United States District Court for the District of Columbia if the injury occurred in the District). The orders, writs, and processes of the court in such proceedings may run, be served, and be returnable anywhere in the United States. The payment of the amounts required by an award shall not be stayed pending final decision in any such proceeding unless upon application for an interlocutory injunction the court, on hearing, after not less than three days' notice to the parties in interest and the deputy commissioner, allows the stay of such payments, in whole or in part, where irreparable damage would otherwise ensue to the employer. The order of the court allowing any such stay shall contain a specific finding, based upon evidence submitted to the court and identified by reference thereto, that such irreparable damage would result to the employer, and specifying the nature of the damage. * * *

part-time basis on April 13, 1964. On May 5, 1964, Andras suffered a back injury in the form of a herniated disc while he was carrying a heavy iron pipe.

Andras applied to the Deputy Commissioner for compensation under the Longshoremen's and Harbor Workers' Compensation Act.[2] The Deputy Commissioner found that Andras was covered by the Longshoremen's Act, at least to the extent of his first injury. He found that Andras was temporarily totally disabled from November 21, 1963, to April 12, 1964, and partially disabled from April 13, 1964, to May 5, 1964. The Deputy Commissioner, however, did not "attempt to adjudicate" the back injury because it "occurred on land and does not come within the jurisdiction of the Deputy Commissioner".

Andras appealed the Deputy Commissioner's order to the district court alleging that the Deputy Commissioner erred in excluding any compensation for the back injury. In the district court, the Deputy Commissioner confessed error and moved that the case be remanded to him for further consideration. Hartford Accident and Indemnity Company, Gretna Machine's compensation carrier, intervened and moved for affirmance of the Deputy Commissioner's original award. The district court denied the Deputy Commissioner's motion for remand and granted Hartford's motion for summary judgment.

■■ The only question in this case is whether the district court erred in refusing to remand the case to the Deputy Commissioner. We hold that the Deputy Commissioner erred, as a matter of law, in assuming that because the injury occurred on land that any compensation for Andras' back injury should be excluded.[3] Accordingly, we are not limited in our review by the substantial evidence test. See Cardillo v. Liberty Mut. Ins. Co., 1947, 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028; Hurley v. Lowe, 1948, 83 U.S.App. D.C. 123, 168 F.2d 553; Ward v. Cardillo, 1943, 77 U.S.App.D.C. 343, 135 F.2d 260. It is well established that an injury occurring on land may be compensable under the Longshoremen's Act—if its cause originated on the water. See Banks v. Chicago Grain Trimmers Ass'n, 1968, 390 U.S. 459, 467, 88 S.Ct. 1140, 20 L.Ed.2d 30, 37; Mississippi Shipping Co., Inc. v. Henderson, 5 Cir. 1956, 231 F.2d 457 (heart attacks on shore following accidents afloat); Cyr v. Crescent Wharf & Warehouse Co., 9 Cir. 1954, 211 F.2d 454 (aggravation by fall at home following accident afloat); Larson, Workmen's Compensation §§ 13.11, 13.12, 13.21 (1964).

As a result of his misinterpretation, the Deputy Commissioner did not make any findings on the causal connection between Andras' initial, maritime injury and his subsequent land-based injury. This is a fact question that should be de-

---

2. 33 U.S.C. §§ 901–950.

3. Hartford argues that 33 U.S.C. § 922 precludes us from remanding this case to the Deputy Commissioner on the ground that the award was based on a mistake of law. 33 U.S.C. § 922 provides:

Upon his own initiative, or upon the application of any party in interest, on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may, at any time prior to one year after the date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one year after the rejection of a claim, review a compensation case in accordance with the procedure prescribed in respect of claims in section 919 of this title, and in accordance with such section issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation.

This section, however is inapposite to this case because it only applies to changes initiated before the Deputy Commissioner and in no way limits a court's power to remand the case to the Deputy Commissioner when he has erred as a matter of law. See Cyr v. Crescent Wharf & Warehouse Co., 9 Cir. 1954, 211 F.2d 454.

cided by the Deputy Commissioner. Accordingly, we think it is appropriate to remand this case to the Deputy Commissioner. See Gulfport Shipbuilding Corp. v. Vallot, 5 Cir. 1964, 334 F.2d 358; LeBlanc v. Henderson, 5 Cir. 1959, 264 F.2d 946; Standard Dredging Corp. v. Henderson, 5 Cir. 1945, 150 F.2d 78, 82.

The judgment of the district court is vacated, and the case is remanded to the district court with instructions to remand the case to the Deputy Commissioner for further proceedings consistent with this opinion.

Vacated and remanded.