8 F.3d 34
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roger A. WRIGHT, Petitioner,
v.
DIRECTOR, Office of Workers Compensation Programs; Connolly
Pacific, Respondents.
 No. 92-70045.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 13, 1993.
Decided Oct. 6, 1993.
 
 1
 Before: POOLE and FERNANDEZ, Circuit Judges, and KELLEHER,* Senior District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Petitioner Roger Wright, a diver, injured his neck on the job in 1984. In 1985 he sustained two further injuries to his neck, but these were not work-related. The Department of Labor Benefits Review Board found the 1985 injuries to be an intervening cause of Wright's disability, and denied him benefits under the Longshore and Harbor Workers' Compensation Act. Wright timely filed this Petition for Review of the Board's decision.
 
 
 4
 The Board had subject matter jurisdiction over the Administrative Law Judge's Decision and Order under 33 U.S.C. § 921(b). We have jurisdiction over the Board's final judgment pursuant to 33 U.S.C. § 921(c).
 
 
 5
 We now affirm.
 
 STANDARDS OF REVIEW
 
 6
 "The Benefits Review Board reviews administrative law judges' decisions to determine whether factual findings are supported by 'substantial evidence' and to correct any errors of law. 33 U.S.C. § 921(b)(3)." Container Stevedoring Co. v. Director, OWCP, 935 F.2d 1544, 1546 (9th Cir.1991). "[T]he Board must accept the ALJ's findings unless they are contrary to law, irrational, or unsupported by substantial evidence." Port of Portland v. Director, OWCP, 932 F.2d 836, 838 (9th Cir.1991) (citations omitted). We, in turn, "review the Board's decisions for errors of law and adherence to the substantial evidence standard." Id.
 
 
 7
 "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Container Stevedoring, 935 F.2d at 1546 (quoting Universal Camera Corp. v. NLRB, 340 U.S. 474, 477 (1951)).
 
 
 8
 "The reviewing court's function is exhausted when it appears that there is warrant in the evidence and a 'reasonable legal basis' for the Board's award." Cordero v. Triple A Machine Shop, 580 F.2d 1331, 1333 (9th Cir.1978) (citation omitted), cert. denied, 440 U.S. 911 (1979).
 
 
 9
 While legal interpretations of the Director, Office of Workers' Compensation Program are owed deference, the same is not true of legal interpretations of the Board, since the Board is not a policymaking body. Port of Portland, 932 F.2d at 838.
 
 ANALYSIS AND DISCUSSION
 I. The Employer's Standard of Proof
 
 10
 Wright asserts that Connolly was required to prove its case "beyond a reasonable doubt." This claim is meritless. The standard of proof for claims under the Longshore and Harbor Workers' Compensation Act is substantial evidence. 33 U.S.C. § 920; Parsons Corp. of Cal. v. Director, OWCP, 619 F.2d 38, 41 n. 3 (9th Cir.1980).
 
 
 11
 The Supreme Court has defined "substantial evidence" as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Universal Camera Corp. v. NLRB, 340 U.S. 474, 477 (1951). Under any formulation of the "beyond a reasonable doubt" standard, more is required than "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Accordingly, Wright's claim that the reasonable doubt standard governs is rejected.
 
 II. The 1985 Injuries
 
 12
 Wright maintains that the Board and the ALJ applied the wrong rule in evaluating the causation question that is at the heart of this case. He readily admits that the two 1985 injuries were responsible, in part, for the surgery that brought about his disability. But he maintains that the original injury was also responsible. To Wright, it is enough that his work-related injury was a concurring cause of his ultimate disability. Citing a Fifth Circuit case, Bludworth Shipyard, Inc. v. Lira, 700 F.2d 1046 (5th Cir.1983), Wright contends that a subsequent injury is a supervening cause only when the injury entirely "overpowers and nullifies" the effects of the original, work-related injury.
 
 
 13
 Connolly responds that the Bludworth standard is irrelevant. According to Connolly, the ALJ found that Wright's original injury played no part in his eventual surgery whatsoever. With no causal connection at all between Wright's work-related injury and his eventual neck surgery, Connolly argues, there are no difficult questions about supervening causes. The 1985 accidents were the sole cause. To Connolly, then, the only question for review is whether the ALJ's findings of no causation were supported by substantial evidence.
 
 
 14
 Connolly's argument is very nearly correct. The ALJ made several findings which suggest he believed Wright's permanent disability was solely the result of the 1985 accidents. For example, the ALJ accepted the testimony of Dr. London that the "sequestered," or extruding, disc appeared for the first time only after the December 1985 accident. Dr. London said the extruding disc that was visible in Wright's post-accident CT scan was a "dramatic" finding which would not have been missed had it been present in Wright's myelogram a year earlier, in March 1985. Because this problem did not show up on the myelogram taken before Wright's accident, Dr. London concluded that the accident caused the disc extrusion.
 
 
 15
 Based in part on this evidence, the ALJ concluded that the December auto accident "was responsible for any disability that Claimant suffered after said date, whether permanent or temporary."
 
 
 16
 This finding sounds very nearly like what Connolly argues it is--an unequivocal conclusion that Wright's disability was entirely unrelated to the February 3, 1984 work accident. But there is another way to understand Dr. London's conclusion, and the ALJ's attendant finding. Dr. London said that the medical "cause" of the extruded disc was the December car accident. At minimum this meant that, but for the car accident, Wright's extruded disc (and the resulting surgery) would not have occurred. But it does not necessarily follow that the car accident alone caused the disc problem. It is possible that without Wright's preexisting neck condition, the accident would have caused some lesser damage, not requiring surgery. In other words, though the December car accident was clearly a "but for" cause of Wright's surgery, Wright's original injury may also have been a "but for" cause.
 
 
 17
 However, even assuming both injuries were contributing causes of Wright's his surgery, we must affirm. The Ninth Circuit has said that
 
 
 18
 if [an] employee, while suffering from the primary injury sustains an additional injury off the job which is not the natural or the unavoidable result of the primary one and is adduced by the employee's own intention or carelessness, he can have no compensation for the added injury because the added injury would not have arisen from the hazards of the employment.
 
 
 19
 Cyr v. Crescent Wharf & Warehouse Co., 211 F.2d 454, 457 (9th Cir.1954). Here, the ALJ expressly found that Wright's 1985 injuries were not the natural and unavoidable cause of his original disability, and impliedly found that Wright's own carelessness contributed to the injuries. We hold that there was substantial evidence for these findings.
 
 
 20
 Wright asks us to apply a different rule of causation. Citing the Fifth Circuit, Wright contends that a subsequent injury is a supervening cause only when it stems from employee misconduct and entirely "overpowers and nullifies" the effects of the original, work-related injury. See Bludworth, 700 F.2d at 1050-51. But the evidence accepted by the ALJ does show that the 1985 injuries "overpowered and nullified" the effects of Wright's original injuries. And Wright concedes that under the Board's precedents, employee "misconduct" can include negligent, as well as willful, behavior. Hence, under this standard as well the 1985 injuries were a supervening cause of Wright's disability. Accordingly, the decision of the Benefits Review Board is
 
 
 21
 AFFIRMED.
 
 
 
 *
 Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3