**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| ITT CORP., Employer; INSURANCE CO. OF THE STATE OF PENNSYLVANIA, Carrier, <br><br>                  Petitioners, <br><br>   v. <br><br> WALTER A. WEST; DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS, <br><br>                  Respondents. | No. 11-70331 <br><br> BRB No. 02-175963 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Benefits Review Board

Submitted February 14, 2013[**]
Pasadena, California

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: BERZON and WATFORD, Circuit Judges, and RAKOFF, Senior District Judge.[***]

ITT Corp. petitions for review of the Benefits Review Board's order affirming the decision of the administrative law judge (ALJ) to grant Walter West's claim for disability and medical benefits under the Defense Base Act, 42 U.S.C. § 1651 *et seq.*

The ALJ properly found that West made a prima facie showing that he suffered a work-related injury and was therefore entitled to the statutory presumption of eligibility. *See Haw. Stevedores, Inc. v. Ogawa*, 608 F.3d 642, 651 (9th Cir. 2010). For purposes of the prima facie analysis, the ALJ made a reasonable determination that West's August 2008 back injury was the natural progression of his March 2008 leg injury and the lumbar surgery that it required. *See Cyr v. Crescent Wharf & Warehouse Co.*, 211 F.2d 454, 457 (9th Cir. 1954).

ITT makes two attempts to rebut the statutory presumption. First, ITT argues that the light packing activity in which West engaged in August 2008 constituted an intervening cause that severed the causal connection to his work-related injury. However, the ALJ properly determined that, because it was not

---

[***] The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

negligent for West to engage in light packing, any worsening of West's condition that followed was a "natural or unavoidable" result of the primary injury. *See id.*

Second, ITT argues that it satisfied its rebuttal burden by showing that West's leg injury was actually the result of a preexisting back condition. The ALJ likely erred in discounting the credibility of Dr. Richmond at the rebuttal stage instead of determining whether a reasonable factfinder could have credited his opinion. *See Haw. Stevedores*, 608 F.3d at 651. However, the ALJ went on to conclude in the alternative, based on the record as a whole and ignoring the statutory presumption, that West had established a compensable work-related injury. At this step of the analysis, the ALJ was permitted to discount Dr. Richmond's credibility. He also properly relied on Dr. van Dam's opinion and noted the concession of Dr. Dodge, ITT's own expert, that some percentage of West's injury was attributable to his work for ITT. Because we find no error in this alternative conclusion, any error the ALJ made with respect to Dr. Richmond's opinion at the rebuttal stage was harmless. *See id.* at 651-52.

**PETITION FOR REVIEW DENIED.**