NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 16 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER J. FRANCIS,<br><br>       Petitioner,<br><br>  v.<br><br>JONES STEVEDORING COMPANY;<br>DIRECTOR, OFFICE OF WORKERS'<br>COMPENSATION PROGRAMS,<br><br>       Respondents. | No.   20-72747<br><br>BRB No. 17-0465<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Benefits Review Board

Submitted March 11, 2022[**]
Portland, Oregon

Before: GRABER, BEA, and M. SMITH, Circuit Judges.

Petitioner Christopher Francis seeks review of a decision of the U.S.

Department of Labor's Benefits Review Board (BRB) affirming an administrative

law judge's (ALJ) award of disability benefits pursuant to the Longshore and Harbor

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Workers' Compensation Act, 33 U.S.C. §§ 901–950. The parties are familiar with the facts, so we do not recount them here. We have jurisdiction to review final orders of the BRB pursuant to 33 U.S.C. § 921(c). The BRB had jurisdiction to review the ALJ's decision and order pursuant to 33 U.S.C. § 921(a) and (b)(3).

"We review BRB decisions for 'errors of law and for adherence to the statutory standard governing the Board's review of the administrative law judge's factual determinations.'" *Todd Shipyards Corp. v. Black*, 717 F.2d 1280, 1284 (9th Cir. 1983) (quoting *Bumble Bee Seafoods v. Dir., Off. of Workers' Comp. Programs*, 629 F.2d 1327, 1329 (9th Cir. 1980)). We conduct an independent review of the record, but "our task is not to reweigh the evidence, but only to determine if substantial evidence supports the ALJ's findings." *Lockheed Shipbuilding v. Dir., Off. of Workers' Comp. Programs*, 951 F.2d 1143, 1146 (9th Cir. 1991). This deferential substantial evidence standard requires only that we find enough evidence that "a reasonable mind might accept as adequate to support a conclusion." *Rhine v. Stevedoring Servs. of Am.*, 596 F.3d 1161, 1165 (9th Cir. 2010) (citation omitted). We reject an ALJ's credibility determinations when they "conflict with the clear preponderance of the evidence, or where the determinations are inherently incredible or patently unreasonable." *Haw. Stevedores, Inc. v. Ogawa*, 608 F.3d 642, 648 (9th Cir. 2010) (quoting *Todd Pac. Shipyards Corp. v. Dir., Off. of Workers' Comp. Programs*, 914 F.2d 1317, 1321 (9th Cir. 1990)). We affirm the BRB because we

2

find no errors of law and because substantial evidence supports each of the challenged factual determinations.

**Average Weekly Wage.** The ALJ did not include Petitioner's claimed income from his family members for yard work and car detailing in the calculation of Petitioner's average weekly wage. This decision is legally correct and supported by substantial evidence. The ALJ reasonably determined that the testimony about this income was not credible. There are many sound reasons to not credit Petitioner's evidence, including Petitioner's vague and inconsistent statements about this income. That same evidence was also the basis of Petitioner's tax returns and so the ALJ permissibly discredited those documents.

**Motion to Reopen the Record.** The ALJ did not err in denying the motion to reopen the record to admit Petitioner's wife's calendar records as evidence of the yard and car detailing work. The case was before the ALJ on a narrow remand from the BRB to address Petitioner's tax returns, and so consideration of other evidence, including these calendars, was outside the scope of the remand. *See* 20 C.F.R. § 802.405. Further, the motion did not include the calendar records, as required by 29 C.F.R. § 18.90(b).

**Shoulder Injuries.** Substantial evidence supports the ALJ's denial of compensation for Petitioner's shoulder injuries. An injury that "naturally or unavoidably results" from treatment of a work-related injury is compensable. *See*

3

33 U.S.C. § 902(2); *Cyr v. Crescent Wharf & Warehouse Co.*, 211 F.2d 454, 457 (9th Cir. 1954) ("[I]f an employee who is suffering from a compensable injury sustains an additional injury as a natural result of the primary injury, the two may be said to fuse into one compensable injury."). Petitioner argues that the ALJ incorrectly concluded that he did not meet his burden to show that his shoulder injuries were work-related. The ALJ reasonably discounted Petitioner's testimony, and permissibly weighed the medical evidence in deciding that the injuries were not a natural or unavoidable result of, or related to, Petitioner's work-related knee injury and treatment.

**Temporary Partial Disability.** Substantial evidence supports the ALJ's decision to deny temporary partial disability benefits between February 28, 2011 and June 10, 2011. Petitioner was a casual longshoreman who was not entitled to set hours of work. During the time period in question, Petitioner continued to perform some work, but testified that he self-selected out of jobs he could not do. However, Petitioner was not under any medical work restrictions, and his testimony about his capacity at that time was inconsistent. The ALJ reasonably denied temporary partial disability benefits because Petitioner did not meet his burden of showing a loss of earning capacity during this period.

**PETITION FOR REVIEW DENIED.**