■ In the Matter of the Claim of ALMA P. ADOLF, Appellant, v CITY OF BUFFALO BOARD OF EDUCATION, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed August 1, 1978, which ordered reimbursement to the self-insured employer for wages paid claimant out of the award made in the

schedule loss case. On February 7, 1972, the claimant was struck in the right eye by a pellet shot from an air gun. She was employed as a supervisor of teachers by the City of Buffalo Board of Education, a self-insured employer. Her employment took her to various schools throughout the city. The board determined that she was an outside worker at the time of the accident and was proceeding to her next work stop when she was injured, and that the injury arose out of and in the course of her employment. Claimant filed a C-3 claim for compensation on March 8, 1972, and, on August 22, 1973, the employer filed its request for reimbursement. The employer's request for full reimbursement was denied by the referee, and partial reimbursement was ordered pursuant to the terms of the collective bargaining agreement. On appeal, the board modified the referee's decision, and awarded full reimbursement to the self-insured employer. Claimant was paid her regular salary for the period of her temporary disability. An award was made for 100% loss of use of the right eye, and $1,000 for serious facial disfigurement. The referee had ordered only partial reimbursement out of the award consisting of the weekly compensation rate at $95 per week for the 205 weeks of temporary disability. Claimant contends that the language of article 33 (A) of the collective bargaining agreement, which provided for payment of her regular salary for the period of her temporary disability, required her to only assign the salary allowance paid under workers' compensation to the employee. She, therefore, agrees with the referee's decision and contends that the employer is not entitled to any reimbursement over and above the salary allowance. Claimant concedes that a self-insured employer is entitled to be reimbursed out of a schedule award for its payment of advanced compensation or payment in like manner of wages during a period of temporary disability. The total amount advanced may be recovered out of a schedule award and normally is not limited to the weekly compensation rate (*Matter of Ott v Green-Wood Cemetery*, 262 NY 532). However, claimant asserts that, by the terms of the collective bargaining agreement, the employer may, and, in this instance, has waived a portion of its reimbursement payments as provided by section 25 (subd 4, par [a]) of the Workers' Compensation Law. The provisions of article 33 (A) manifest the intention to provide for employees who are injured in the course of employment, and thereby temporarily rendered unable to work, continued receipt of their full wages, and, where a subsequent compensation award is made for the period the employee was unable to work, the employer will be reimbursed at the compensation rate. There is nothing in the language of the contract to suggest that the bargaining units intended the article to cover a schedule loss award case, and in such case where an employee is compensated for presumed or prospective loss of wages, to prevent the employer from recovering full reimbursement. Since it has long been the law that an employer who has made advance payments in like manner as wages is entitled to full reimbursement against a schedule award, the board's decision should be affirmed (Workers' Compensation Law, § 25, subd 4, par [a]; *Matter of Ott v Green-Wood Cemetery, supra*). Decision affirmed, without costs. Greenblott, J. P., Sweeney, Staley, Jr., and Herlihy, JJ., concur.

Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. I disagree with the majority's construction of article 33 (A) of the collective bargaining agreement. In my view, the language of article 33 (A) clearly indicates that it is intended to cover all compensation awards, those made for schedule awards and those made as payment for temporary disability. The first sentence specifies that

the article applies to days lost due to all injuries covered by the Workers' Compensation Law, not merely injuries resulting in awards for temporary disability. It is, therefore, evident that the parties chose to limit reimbursement to the employer to the "salary allowance paid the teacher under Workmen's Compensation". Had the parties contemplated that compensation payments made to a teacher for a schedule loss be reimbursed to the employer, the parties would certainly have provided for the assignment to the employer of *all* compensation paid. Since this was not done, the conclusion is inescapable that the parties intended to limit reimbursements to the employer only from the temporary disability payments. The decision should be reversed, and the matter remitted to the Workers' Compensation Board.