■ In the Matter of the Claim of DONALD LANDGREBE, Respondent, v COUNTY OF WESTCHESTER et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed November 20, 1980, which held that the employer was entitled to reimbursement from a schedule award for wages paid at the full wage rate only for the period of the schedule award made in connection with a consequential injury to the fingers of claimant's right hand occurring on December 19, 1977. Claimant sustained a back injury in the course of his employment on March 9, 1977 and received full salary from his employer during ensuing periods of disability. An award of compensation for that injury on October 28, 1977 directed reimbursement to the employer at compensation rates during the period of disability. On December 19, 1977, claimant injured his hand while operating a snowblower at his home. Upon claimant's application, the compensation case was reopened and the injury sustained in the snowblower accident was held to be consequential to the prior work-related accident of March 9, 1977. Thereafter, it was determined that claimant was free of any disability to his back but a schedule

award for loss of use of 25% of the right index finger was made based on the injuries received in the snowblower incident. The sole issue on this appeal is whether the employer is entitled to be reimbursed out of the schedule award for the full wages paid after the March 9, 1977 accident but prior to the ensuing consequential injury, or merely reimbursed at the amount of the compensation rate in accordance with the October 28, 1977 award. It has long been the law that an employer who has made advance payments of compensation in the form of regular wages is entitled to reimbursement in full against any subsequent schedule award (Workers' Compensation Law, § 25, subd 4, par [a]; *Matter of Ott v Green-Wood Cemetery*, 262 NY 532; *Matter of Adolf v City of Buffalo Bd. of Educ.*, 71 AD2d 746). The mere fact that the schedule award emanates from a subsequent injury rather than the original accident should not inhibit reimbursement to the employer who paid full wages at the time of the original injury. If the second injury is found consequential for purposes of establishing a subsequent period of compensable disability, both in law and logic it is also consequential for the purpose of providing reimbursement for "any period of disability" (Workers' Compensation Law, § 25, subd 4, par [a]; see *Matter of Ulman v Jerome Glass & Shade Co.*, 266 App Div 643). Accordingly, the employer is entitled to reimbursement in full. Decision reversed, with costs to the employer and its insurance carrier against the Workers' Compensation Board, and matter remitted to the board for further proceedings not inconsistent herewith. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.